E. A. WADLEIGH v. F. D. McDOWELL & COMPANY, Appellants.

Contracts: WARRANTY: *Practice.*   Defendant cannot defeat an action for goods sold and labor performed in roofing a house under an understanding that the labor and material should be paid for, at least in part, by proof of a breach of warranty by the plaintiff in respect to the old roofing; but his remedy is confined to a claim for damages for the breach.

*Appeal from Clinton District Conrt.*—HON. P. B. WOLFE, Judge.

WEDNESDAY, MAY 26, 1897.

ACTION for goods sold and labor performed.   Trial to jury; verdict and judgment for plaintiff; and defendants appeal.—*Affirmed.*

*Hayes & Schuyler* for appellants.

No appearance for appellee.

LADD, J.—In February, 1893, the plaintiff placed sixty-two rolls of roofing paper, of the reasonable value of one hundred and eighty-six dollars, on the defendants' building, and this action is brought to recover therefor. For answer, the defendants allege that in 1891 the plaintiff placed roofing on the same building, receiving payment therefor, and warranted it to be of good material, and that it would last for five years; that it was not as represented and would not turn water; and that plaintiff, having failed to remedy the defects, furnished the roofing in controversy in order to comply with his warranty. No counter-claim was pleaded. The court told the jury that the burden was on the defendant to establish the warranty, and the breach thereof, and that the old roofing was practically worthless, and that plaintiff put the second roof on the building in order to comply with his warranty. The appellants insist that it was only incumbent on them to establish a warranty, and that the roof was placed to comply with it. This contention is argued on the assumption that the evidence is other than appears from the record. The evidence of defendants tends to show that the plaintiff repaired the roofing several times without charge, and then said, if he did not make it good, he would put on a new roof. Bentley says: "We were obliged to have a new roof right away, and we agreed to pay Mr. Wadleigh extra for it." McDowell testified: "A short time preceding the putting on of the second roof, I went to see the plaintiff, and he went with me on the roof, and he said it could not be made good, and that he would put on a new roof, which he proceeded to do, and which is the roof mentioned in this case." The plaintiff testified that he told Bentley: "I will put a roof on there if you request it, but at your expense." And Bentley said: "They had got to have it, and to put it on." He then put

on the roofing. This is undisputed. Bentley and McDowell compose the defendant firm. So that, by the undisputed testimony, it is shown the second roofing was not placed in order to comply with any warranty, but upon agreement between plaintiff and a member of the firm that it should be paid for at least in part. Certainly, under these circumstances, the appellants have no just ground of complaint, and, in any event, were not entitled to the relief asked, unless it appeared the first roofing was worthless. The naked promise to put new roofing on the building was without consideration, and plaintiff was not bound thereby, unless he so did, in pursuance of the promise. If the first roof was of some value, and there was a warranty, and a breach thereof, the defendants' remedy was in a claim for damages, and not in an attempt to defeat the recovery for the second roof furnished, with the understanding that it should be paid for, at least in part. Other exceptions are based on the same assumption, that the evidence was different than appears on the record before us, and requirs no consideration. The objections to the rulings on admissibility of evidence are without merit. A party will not be permitted to make out his defense by improper cross-examinations. There appears no prejudicial error, and the judgment must be AFFIRMED.